IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOVONN HOLLAND, | § | |
| | § | |
| *Plaintiff,* | § | |
| V. | § | **CIVIL ACTION NO.** |
| | § | **5:17-cv-00034** |
| ALAMO COMMUNITY | § | |
| COLLEGES DISTRICT, | § | |
| DON ADAMS, INDIVIDUALLY, | § | |
| AND RICHARD RODRIGUEZ, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Now comes **JOVONN HOLLAND,** hereinafter referred to as Plaintiff, by and through his undersigned attorney of record, in accordance with the Civil Rights Act, AND the Federal Rules of Civil Procedure, files this, his *Original Complaint*, against **ALAMO COMMUNITY COLLEGES DISTRICT** (hereinafter referred to as "ACCD")**, DON ADAMS,** Individually (hereinafter referred to as "Adams"), and **RICHARD RODRIGUEZ**, Individually (hereinafter referred to as "Rodriguez"), Defendants.

In support of this cause of action, Plaintiff would respectfully show unto the Court the following:

## I.
## PARTIES

1.      Plaintiff **JOVONN HOLLAND** is an individual residing in Bexar County,

Converse, Texas.

2.     Defendant, **ALAMO COMMUNITY COLLEGES DISTRICT,** is a political subdivision of the State of Texas, with its principal offices located at 201 West Sheridan, San Antonio, Texas 78204. Said Defendant may be served with process herein by delivery to Dr. Bruce H. Leslie, Chancellor.

3.      Defendant, **DON ADAMS,** is an individual residing in Bexar County, Texas, and may be served with process herein at his business address, 7980 Pat Booker Road, Live Oak, Texas 78233. Defendant is sued in his individual capacity. Defendant Adams is the Chief of Police of the Alamo Community Colleges District Police Department ("ACCD PD") and is charged with supervising and training the district's police officers as well as developing and implementing departmental procedures.

4.     Defendant, **RICHARD RODRIGUEZ**, is an individual residing in Bexar County, Texas and may be served with process herein at his business address, 201 West Sheridan, Building "C", San Antonio, Texas 78204. Defendant is sued in his individual capacity.

## II.
## VENUE AND JURISDICTION

5.     Plaintiff asserts his claims against Defendants for violation of his Fourth Amendment Rights against unreasonable search and seizure, which is incorporated upon the States through the Fourteenth Amendment.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights).  This Court also has supplemental jurisdiction pursuant to 18 U.S.C. § 1367 to hear the state law claims that are set forth below.

6.      Because Defendants' actions, inactions, and failures to comply with the Civil Rights Act all occurred or failed to occur in Bexar County, Live Oak, Texas, venue in the San Antonio Division of the Western District of Texas under 28 U.S.C. § 1391(b) is appropriate.

### III.
### STATEMENT OF FACTS

7.      The **ALAMO COMMUNITY COLLEGES DISTRICT** is a public district encompassing 5 campuses in Bexar County, Texas. The school district has a police force of approximately 78 state certified Peace Officers. Its force is charged with ensuring the safety and welfare of all students, faculty, staff and visitors of the school district, the protection of district property and to enforce state criminal and traffic laws in addition to the rules of the Alamo Colleges. As school police, the ACCD PD officers are not subjected to the dangerous work environment as city police forces. Since 2015, there has only been one officer involved injury and that is the incident involving the shooting made the basis for this complaint.

8.      On November 18, 2016, at approximately 5:30 PM, **JOVONN HOLLAND** left his home to seek work. **JOVONN** carried his backpack holding his iPhone, Bible and personal journal. He first stopped at a nearby Subway restaurant at 8352 Seguin Road, Converse, Texas 78109 to use their Wi-Fi connection. He spoke with employees and stayed until the restaurant closed at 9:00 PM.

9.      Following Subway, **JOVONN HOLLAND** went to the McDonald's restaurant at 9151 FM 78, Converse, Texas 78109 to use their Wi-Fi connection. He stayed

in the McDonald's restaurant until 11:00 PM, when the lobby closed. Afterwards, he stopped at the nearby Domino's restaurant at 9163 FM 78, Converse, Texas 78109 to explore the "Now Hiring" sign that was out front.

10.    When Domino's closed, **JOVONN** continued to walk north on S. Seguin Road, passing the Converse Police Department and Judson Driving School. He stopped at the train station to look for his bike that was previously stolen.

11.    At around 12:30 AM, **JOVONN** met a couple of friends at a church near the Northeast Lakeview Community College Campus to play basketball. **JOVONN** walked onto the Northeast Lakeview Campus at around 2:00 AM.

12.    **JOVONN** first walked to the campus gym, where he works out and gives personal training sessions. He wanted to stay at the gym to work out and use the Wi-Fi connection. However, the gym door was locked.

13.    **JOVONN** then walked to the Science Building to see if it was unlocked. He was tired and looking for a place to sleep. He knocked on the window but the door was locked and no one answered. **JOVONN** went to the Student Common Building and found a table to rest on in the enclosed patio area.

14.    ACCD PD Officer, **DEFENDANT RICHARD RODRIGUEZ,** responded to a call regarding a black male attempting to enter the Science Building on campus. After unsuccessfully locating the male, **RODRIGUEZ** decided to check the Student Services Building on his way back to his patrol vehicle. He located **JOVONN** sitting on one of the

tables in the common area.

15.    **RODRIGUEZ** immediately began yelling at **JOVONN**, telling him to get off the table.  **JOVONN** complied. **RODRIGUEZ** then drew his taser and ASP baton, and began aggressively hitting the ground.

16.    **RODRIGUEZ** asked **JOVONN** what was in his backpack. **JOVONN** pointed to his backpack and gave permission for **RODRIGUEZ** to look inside.  Suddenly and without warning, **DEFENDANT RODRIGUEZ** shot one round at **JOVONN,** striking him in the right thigh.

17.    **JOVONN** was transported by EMS to San Antonio Military Medical Center and Northeast Methodist Hospital. He suffered a gunshot wound of the right lower extremity and a femoral artery injury, causing him to lose massive amounts of blood.

18.    The force used by **DEFENDANT RODRIGUEZ** was clearly and obviously excessive. **JOVONN** was unarmed and never threatened the officer. At the time **JOVONN** was shot, he had complied with **DEFENDANT RODRIGUEZ** and got off the table. His backpack with his Bible and personal journal was not in his hand but either in his lap or on the ground next to him. **DEFENDANT RODRIGUEZ** escalated the situation by drawing his taser and baton. He then had to have holstered his taser to remove his gun before firing one round at **JOVONN**, striking him in the right leg.

19.    **DEFENDANT RODRIGUEZ** shot **JOVONN** even though he made no threats, and did not have a weapon in his possession. At no time did **JOVONN** ever put

**RODRIGUEZ** in a situation where he could fear for his life. At all times relevant, **DEFENDANT RODRIGUEZ** had **JOVONN** in plain view. His suggestion that he was not compliant and reached towards his backpack is a complete and utter fabrication.

## IV.
## PLAINTIFF'S CIVIL RIGHTS CLAIM

20. The Civil Rights Acts, as codified at 42 U.S.C. § 1983, provides as follows:

*Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.*

### (A) PLAINTIFF'S FIRST CLAIM: EXCESSIVE FORCE
### 42 U.S.C. § 1983 – RICHARD RODRIGUEZ PEACE OFFICER LIABILITY

21. Plaintiff restates, re-alleges, re-avers, and hereby incorporates by reference any and all allegations contained in the above paragraphs as if fully set forth herein.

22. Plaintiff brings a claim against **DEFENDANT RODRIGUEZ,** individually, pursuant to 42 U.S.C. § 1983.

23. The force used by **DEFENDANT RODRIGUEZ** was excessive, and therefore violates the Fourth Amendment of the United States Constitution, which prohibits unreasonable searches and seizures. **DEFENDANT RODRIGUEZ'S** act of shooting the unarmed **JOVONN HOLLAND** was clearly not objectively reasonable.

24. At all times relevant, **DEFENDANT RODRIGUEZ** had actual awareness that **JOVONN** had constitutional protection against unreasonable search and seizure.

Despite having actual awareness of these protections, **DEFENDANT RODRIGUEZ** violated the constitutional rights of **JOVONN** and caused him serious injuries.

### (B) PLAINTIFF'S SECOND CLAIM: INADEQUATE TRAINING 42 U.S.C. § 1983 - ALAMO COMMUNITY COLLEGES DISTRICT LIABILITY

25. Plaintiff restates, re-alleges, re-avers, and hereby incorporates by reference any and all allegations contained in the above paragraphs as if fully set forth herein.

26. The **ALAMO COMMUNITY COLLEGES DISTRICT** and the Alamo Community Colleges District Police Department are liable under 42 U.S.C. § 1983 for failing to train their law enforcement officers.  Moreover, the **ALAMO COMMUNITY COLLEGES DISTRICT** had the following policies and/or practices in effect prior to the shooting:

   a.  Inadequate supervision of officers regarding their use of force;

   b.  Employing excessive force against minorities;

   c.  Employing deadly force disproportionately against minorities;

   d.  Inadequate warning systems to discipline and/or weed out potentially dangerous officers;

   e.  Failing to adequately investigate use of force by ACCD PD officers; and

   f.  Inadequate training of officers regarding the escalation of force.

27. The **ALAMO COMMUNITY COLLEGES DISTRICT'S** policies/practices were the moving force of **JOVONN'S** injuries and caused **JOVONN** to be deprived of his constitutional rights to be free from unlawful seizures.

### V.
### SUPERVISORY LIABILITY – DEFENDANT DON ADAMS

28.     Plaintiff restates, re-alleges, re-avers, and hereby incorporates by reference any and all allegations contained in the above paragraphs as if fully set forth herein.

29.     As Chief Law Enforcement Officer and the individual in charge of policy decisions for the Alamo Community Colleges District Police Department, **DEFENDANT ADAMS** had the duty to ensure officers like **DEFENDANT RODRIGUEZ** received proper training of police procedures.

30.     **DEFENDANT ADAMS**, as a Chief Law Enforcement Officer, has policymaking authority for the Alamo Community Colleges District Police Department. He possesses final authority to establish district policy with respect to the training of all ACCD PD officers.  The clearly deficient training of officers with regard to racial profiling rises to the level of deliberate indifference to constitutional rights of individuals such as **JOVONN HOLLAND**.

## VI.
## SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION

31.     In addition to violating the rights guaranteed to **JOVONN HOLLAND** by the First, Fourth and Fourteenth Amendments to the United States Constitution, the **DEFENDANTS**, acting under color of law, violated the rights guaranteed to **JOVONN** by the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution.

## VII.
## DAMAGES

32.     The actions and omissions of Defendants deprived **JOVONN HOLLAND** of his civil rights under the United States Constitution. Moreover, these acts and omissions

by Defendants, their agents, employees, and/or representatives, proximately caused and/or were the moving force of the injuries and damages to Plaintiff.  Accordingly, Plaintiff asserts claims under 42 U.S.C. § 1983.

33.    Plaintiff seeks damages in excess of $75,000.00 for the violation of his Fourth Amendment constitutional right to be free from unreasonable search and seizure.

34.    Plaintiff seeks a declaratory judgment that the actions of **DEFENDANTS** here violated **JOVONN HOLLAND'S** Fourteenth Amendment constitutional rights to Due Process and Equal Protection of the law.

## VIII.
## ATTORNEY'S FEES

35.    Plaintiff is entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976.  *See* 42 U.S.C. § 1988.  Plaintiff hereby requests that the Court and jury award him attorney's fees and expenses.

## IX.
## JURY DEMAND

36.    Plaintiff respectfully demands a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants, **ALAMO COMMUNITY COLLEGES DISTRICT, DON ADAMS, Individually, and RICHARD RODRIGUEZ, Individually,** be found liable, jointly and severally, for actual damages above the jurisdictional minimum of the Court, exemplary damages, pre-judgment interest, post-judgment interest, costs of Court, attorney fees and

expenses and all other relief to which Plaintiff is justly entitled, at law or in equity.

Respectfully submitted,

*/s/ Tim Maloney* _____
**TIM MALONEY**
State Bar No. 12887380
**LAW OFFICES OF MALONEY & CAMPOLO**
926 S. Alamo
San Antonio, Texas  78205
(210) 922-2200 – Telephone
(210) 923-1313 – Facsimile
tmaloney@maloneyandcampolo.com
jbrooks@maloneyandcampolo.com

ATTORNEYS FOR PLAINTIFF
JOVONN HOLLAND